Kevin CUSH, Petitioner–Appellant,

v.

Ernest C. ROE, Warden, Respondent–Appellee.

No. 04–15718.

United States Court of Appeals,
Ninth Circuit.

Submitted July 25, 2006.*

Filed Oct. 17, 2006.

Charles M. Bonneau, Jr., Esq., Law Offices of Charles M. Bonneau, Sacramento, CA, for Petitioner–Appellant.

David A. Rhodes, DAG, Office of the California Attorney General Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Kevin Paul Cush, a California state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, alleging that an error in jury instructions was constitutional error and a violation of due process. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review the district court's denial of the petition de novo. *See Lara v. Ryan,* 455 F.3d 1080, 1084 (9th Cir.2006). There is no question that the trial court misassigned the jury instructions for violations of California Penal Code § 288(b) to the counts alleging violations of § 288(c), and vice versa. But the California Court of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Appeal concluded that it was apparent beyond a reasonable doubt that the error did not contribute to the guilty verdict on the 41 counts of child molestation, applying the harmless-error standard of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We must defer to this state-court ruling unless it is objectively unreasonable, that is, "more than being merely, or even clearly, incorrect." *Inthavong v. LaMarque,* 420 F.3d 1055, 1061 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1660, 164 L.Ed.2d 403 (2006).

In this case, none of the elements that differ between the subsections was in issue; Cush simply denied having committed any abuse. The subsections of the statute were correctly identified to the jury on the information, on the verdict forms, and in the closing arguments. The children testified, the jury believed them, and in addition Cush admitted past abuse in a taped telephone conversation submitted into evidence. Given the strength of the evidence, we cannot say that the state court of appeal decision was contrary to, or unreasonably applied, clearly established federal law. *See Lara,* 455 F.3d at 1084 ("A federal habeas court may not issue the writ simply by concluding in its independent judgment that the state-court decision applied federal law incorrectly. An *unreasonable* application of federal law is different from an *incorrect* application of federal law.") (quotations and citation omitted).

AFFIRMED.